**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAMES GENCARELLI,

                              Plaintiff,

        v.                              1:20-CV-85
                                                  (TJM/CFH)

THE COCA-COLA COMPANY,

                              Defendant.

---

**APPEARANCES:**

James Gencarelli
510 Broadway (3G)
Saratoga Springs, New York 12966
Plaintiff pro se

## DECISION & ORDER

      Plaintiff pro se James Gencarelli commenced this action on December 26, 2019. Dkt. No. 1. On April 13, 2020, the undersigned performed a review of plaintiff's amended complaint. Dkt. No. 7. The Report-Recommendation & Order, as relevant here, (1) granted plaintiff's in forma pauperis application for the purposes of filing, and (2) recommended that plaintiff's "vicarious liability" and negligence per se claims be dismissed without prejudice.[1] Id. On April 20, 2020, plaintiff filed a second amended complaint. Dkt. No. 8. On May 20, 2020, the assigned District Judge adopted the Report-Recommendation & Order in its entirety. Dkt. No. 9. Presently before the Court

---

[1] Within the Report-Recommendation & Order itself, the undersigned also concluded that plaintiff's breach of the implied warranty of merchantibility and failure to warn claims proceed beyond the initial review stage.

for review is plaintiff's second amended complaint.  Dkt. No. 8.

Plaintiff's second amended complaint indicates that plaintiff has withdrawn count I (Vicarious Liability), Count II (Product Liability), and County III (Negligence Per Se) as pleaded in the amended complaint, and removed from the action defendant Liberty Coca-Cola Beverages.  Dkt. No. 8 at 1.  The second amended complaint otherwise sets forth the same factual allegations[2] as in the amended complaint but seeks to proceed only on "strict products liability" and the breach of implied warranty of merchantability. Id. at 4-5.  As this Court has already concluded that plaintiff may proceed with these claims against defendant Coca-Cola Company, and plaintiff has not altered these claims between the amended complaint and the second amended complaint, the second amended complaint may proceed.

Accordingly, it is hereby

**ORDERED**, that plaintiff's Second Amended Complaint (dkt. no. 8) is accepted for filing as the operative pleading; and it is further

**ORDERED**, that the Clerk of the Court send plaintiff a blank summons for defendant The Coca-Cola Company; and it is

**ORDERED**, that, within **twenty-one (21) days**, plaintiff is to return to the Clerk of the Court the completed summonses for service upon defendant The Coca-Cola

---

[2] Newly added to the second amended complaint is a factual section regarding spoliation of evidence.  Dkt. No. 8 at 3-4.  This section, however, does not appear to seek affirmative relief.  As this section does not seek to add additional claims or defendants, it does not alter the outcome of the Court's review of the second amended complaint at this stage and the Court declines to make any findings regarding this section.  Id.

2

Company; and it is further

**ORDERED**, that, upon receipt of plaintiff's properly-completed summonses, the Clerk of the Court shall issue the summons, General Order 25, and a copy of the Second Amended Complaint for service upon defendant The Coca-Cola Company by the U.S. Marshals, and it is

**ORDERED**, that the Clerk of the Court terminate as a defendant Liberty Coca-Cola Beverages as plaintiff has voluntarily withdrawn claims against said defendant;

**IT IS SO ORDERED.**

Dated: June 1, 2020
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge